## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph R. Bouska aka Joe Bouska<br>                    Debtor(s) | CHAPTER 13 |
| PNC BANK, NATIONAL ASSOCIATION<br>                    Moving Party<br>    vs. | NO. 24-13715 AMC |
| Joseph R. Bouska aka Joe Bouska<br>                    Debtor(s) | |
| Kenneth E. West<br>            Trustee | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of April 1, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$25,436.80**, which is itemized as follows:

Post-Petition Payments:           November 2024 through April 2025 at $3,981.30 each
Fees & Costs Relating to Motion: $1,549.00
**Total Post-Petition Arrears:    $25,436.80**

2.      Debtor and Movant agree to resolve the pending Motion for Relief, filed by Movant on March 21, 2025, in the following manner:

a). By October 15, 2025, Debtor shall complete a sale of the property located at 1016 Mulberry Street, Chester Springs, PA 19425, and proceeds from that sale will pay Movant's claim in full, plus any accrued post-petition fees and costs, subject to a current payoff figure.

b). Beginning with the payment due **May 2025** and continuing thereafter, until the sale of the property is complete, Debtor shall pay to Movant the present regular monthly mortgage payment of **$3,981.30** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

3.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4.      Movant does not waive any rights with regard to post-petition arrears.

5.      In the event the sale is not completed or the payments are not tendered under Section 2 above pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's

attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.     If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.     The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.     The parties agree that a facsimile signature shall be considered an original signature.

Date:    April 11, 2025

/s/ Denise Carlon
Denise Carlon, Esq.
Attorney for Movant

Date: 4-16-25

Zackary Perlick, Esq.
Attorney for Debtor

Date: 4/22/2025

/s/Jack K. Miller, Esquire   for

Kenneth E. West
Chapter 13 Trustee

*I have no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this 2nd day of ___May___, 2025. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan